1  STEVEN J. EYRE, CB# 119714
2  3550 WILSHIRE BOULEVARD, SUITE 1440
   LOS ANGELES, CALIFORNIA  90010
3  (213) 385-6926
4  fax (213) 385-3313
   stevenjeyre@gmail.com
5

6  Attorney for plaintiffs

7

8
                    UNITED STATES DISTRICT COURT
9
          CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION
10
              3470 Twelfth Street, Riverside, CA  92501
11

12
| | |
|---|---|
| AGUSTIN RAMIREZ, ANTHONY RAMIREZ, AGUSTIN RAMIREZ, JR., <br><br> Plaintiffs, <br><br> -vs.- <br><br> MARIO SOTELO, RICARDO TARAZON, ARTURO BELTRAN, JORGE GUZMAN, JUAN ANTONIO SOTELO, DOES 1-10, <br><br> Defendants. | **No.** <br><br> **COMPLAINT FOR:** <br><br> 1. **FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;** <br> 2. **TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW;** <br> 3. **UNFAIR COMPETITION UNDER CAL. BUS. AND PROF. CODE §§ 17200** *et seq.*; <br> 4. **FALSE ADVERTISING UNDER CAL. BUS. AND PROF. CODE §§17500** *et seq.*; <br> 5. **INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE;** <br> 6. **ACCOUNTING;** <br> 7. **TEMPORARY, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF** <br>  <u>**JURY TRIAL DEMANDED**</u> |

Plaintiffs Agustin Ramirez, Anthony Ramirez and Agustin Ramirez, Jr. bring this action against defendants Mario Sotelo, Ricardo Tarazon, Arturo Beltran, Jorge Guzman, Juan Antonio Sotelo and Does 1-10 for (1) injunctive relief and damages for unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) injunctive relief and damages for violation of California state common trademark law; (3) unfair competition under California Business and Professions Code § 17200 *et seq.*; (4) false advertising under California Business and Professions Code § 17500 *et seq.*; (5) interference with prospective business advantage under California common law; and (6) for accounting, as hereinafter alleged:

## JURISDICTION AND VENUE

1. These claims arise under the laws of the United States, particularly under the federal Trademark Act, as amended, 15 U.S.C. § 1051 *et seq.*, and under California statutory and common law, including Cal. Bus. & Prof. Code § 17200 *et seq.* and Cal. Bus. & Prof. Code §§ 17500 *et seq.*  This Court has original jurisdiction over the subject matter of the Lanham Act claim pursuant to 28 U.S.C. §§ 1331 and 1138(a), and pendent jurisdiction over the state unfair competition and associated claims under 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the Trademark Laws of the United States and are so related to the federal claims that they form part of the same case or controversy and arise from a common nucleus of operative facts.  15 U.S.C. §§ 1501 *et seq.*

2. This Court has specific personal jurisdiction over all of the defendants as each resides in this judicial district or has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortious acts outside California, knowing and intending that such acts would cause injury within the state.

3. Venue is proper in the United States District Court for the Central District pursuant to 28 U.S. C. §§ 1391(b) and 1391(c) in that defendants reside in

this District, transact affairs in this District and/or that a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## THE PARTIES

4. Plaintiffs Agustin Ramirez is a resident of the city of Fontana, San Bernardino County, California.

5. Plaintiffs Anthony Ramirez is a resident of the city of Fontana, San Bernardino County, California.

6. Plaintiffs Agustin Ramirez, Jr. is a resident of the city of Fontana, California.

7. Defendant Mario Sotelo is a resident of the city of Ontario, San Bernardino County, California.

8. Defendant Ricardo Tarazon is a resident of the city of Fontana, San Bernardino County, California.

9. Plaintiffs and informed and believe that defendant Jorge Guzman is a resident of the state of Washington.

10. Defendant Juan Antonio Sotelo is a resident of the city of Ontario, San Bernardino County, California.

11. The true names and capacities, whether individual, corporate or otherwise, of the defendants named herein as Does 1 through 10 are presently unknown to plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will seek to amend this complaint to allege the true names and capacities of said defendants when plaintiffs have ascertained such information. Plaintiffs are informed and believe that each defendant named herein as Does 1 through 10 has participated in some or all of the acts or conduct alleged in this Complaint and is liable to Plaintiffs by reason thereof.

12. Plaintiffs are informed and believe that defendant DOE 1 is an individual who performs with the other defendants herein and, based upon plaintiffs'

information and belief, goes by the name of Vicente Martinez.  Plaintiffs are informed and believe that defendant DOE 1 is a citizen and resident of Mexico.

13. Plaintiffs are informed and believe that defendants DOES 2-10 are individual musicians who perform in connection with the named defendants who engage in the wrongful conduct alleged below.

## GENERAL ALLEGATIONS

14. In the late 1970's, plaintiff Agustin Ramirez founded the musical group "Los Caminantes Aztecas" ("The Aztec Walkers") in the city of Bloomington, California.  In or about 1982, the name of the group was shortened to "Los Caminantes" ("The Walkers").

15. Of the musicians who became partners after the group's formation and during the course of its history, by late 2011 plaintiff Agustin Ramirez alone remained as the sole member/owner of the group and the only individual to continuously use the "Caminantes" trade name and mark in connection with goods, namely phonorecords, and live entertainment services of the musical group from the group's inception.

16. Over the course of its history, the musical group "Los Caminantes" headed by plaintiff Agustin Ramirez has recorded over 30 albums, featuring plaintiff Agustin Ramirez as lead vocalist on the group's recordings.  During the same period of time, the musical group "Los Caminantes" has toured extensively throughout the United States and Mexico, performing in dances, concerts and massive outdoor events as well as on televised programs.  The group became wildly popular for its "grupero" musical style within the Regional Mexican musical genre.  Over the course of its history, the group has appeared on numerous television shows aimed at the Spanish-speaking audience of the United States, Mexico and the Americas.

17. In October 2012, plaintiff Agustin Ramirez transferred the "Los Caminantes" mark and the goodwill of the business with which the mark is associated to himself and his sons, Anthony Ramirez and Agustin Ramirez, Jr.

18. Plaintiffs are the owners of the federal registration of the service mark LOS CAMINANTES in international classification 041 for entertainment services in the nature of live performance by a musical group, Reg. No. 4, 410,019.

## ROLE OF DEFENDANTS

19. Defendants Mario Sotelo and Ricardo Tarazon are musicians who performed with the musical group "Los Caminantes" until October 2013.

20. Defendant Mario Sotelo was a musician employee of the "Los Caminantes" musical group from the mid-1980's until approximately 1998, when he left the group. In 2004, defendant Mario Sotelo was again employed by the "Los Caminantes" musical group as a musician and backup vocalist until his departure in or about October 2013. Defendant Mario Sotelo at all times relevant herein was an employee of the group and never a partner or owner of the "Los Caminantes" group or the "Los Caminantes" name.

21. Defendant Ricardo Tarazon was a musician employee of the "Los Caminantes" musical group from 1998 until his departure from the group in or about October 2013. Defendant Ricard Tarazon at all times relevant was herein an employee of the group and never a partner or owner of the "Los Caminantes" group or the "Los Caminantes" name.

22. Defendants Arturo Beltran and Jorge Guzman were musician employees of the "Los Caminantes" musical group from approximately the early 1990's until approximately 1998, when they both left the group. Neither Arturo Beltran nor Jorge Guzman were other than contract musicians of the group, and had no ownership interest in the "Los Caminantes" group or the "Los Caminantes" name.

23. Defendant Juan Antonio Sotelo is the son of defendant Mario Sotelo. Defendant Juan Antonio Sotelo has never been a member of the musical group "Los Caminantes."

24. Defendant DOE 1, who plaintiffs are informed and believe to be known by the name of Vicente Martinez, is a vocalist who has never been a member of the musical group "Los Caminantes." As shown in Figures 1 and 2, below, defendant DOE 1/Vicente Martinez is shown in pictures of defendants' group with a long, flowing hair style that is similar in appearance to the hair style used by plaintiff Agustin Ramirez, the lead vocalist of "Los Caminantes."

## WRONGFUL CONDUCT OF DEFENDANTS

25. In mid-September 2013, plaintiff Agustin Ramirez took time off from performing with "Los Caminantes" to prepare for heart valve surgery in mid-October 2013. Plaintiff Agustin Ramirez was not given permission by his doctor to resume working until approximately the first week of November 2013. The group went on hiatus during this period.

26. Due to plaintiff Agustin Ramirez's health condition, he cancelled dates that he had scheduled for performances of "Los Caminantes" in the state of Florida for mid-October 2013.

27. While plaintiff Agustin Ramirez was on medical hiatus, defendants Mario Sotelo and Ricardo Tarazon left the "Los Caminantes" group, and together with all or some of the other defendants in this action, in mid-October 2013 defendants Mario Sotelo and Ricardo Tarazon usurped the Florida booking that plaintiff Agustin Ramirez had cancelled and traveled to Florida to perform in at least three different venues under the name "Los Caminantes" without plaintiff Agustin Ramirez' consent or permission.

28. Plaintiffs are informed and believe that since mid-October 2013, defendant Mario Sotelo and Ricardo Tarazon, emboldened by their successful usurpation of the "Los Caminantes" name, recruited the other defendants in this action to perform with them and market the newly-formed group as "Los Caminantes," "Caminantes," or "x Caminantes," and have subsequently performed under the "Los Caminantes" moniker in Texas and in California, with more events

scheduled for the month of November 2013 in California and elsewhere in the United States.

29. In one advertisement for a performance by defendants' musical group for November 16, 2013 in Texas, the name of defendants' group is advertised as "x Caminantes" and depicts defendants Mario Sotelo, Ricardo Tarazon, Arturo Beltran and Jorge Guzman, together with an individual identified herein as defendant DOE 1/Vicente Martinez, who styles his hair in the same manner as plaintiff Agustin Ramirez, the lead vocalist of "Los Caminantes." (See Fig. 1, below.)



Fig. 1

30. Plaintiffs are informed and believe that defendants have scheduled other performances in California and elsewhere in the United States, where they are using plaintiffs' mark "Los Caminantes" to advertise their group and performances. Plaintiffs have received a photograph of a poster displayed in the area of Atlanta, Georgia, which advertises a dance featuring a performance by "Los Caminantes," using the same photograph as the individuals shown in Figure 1, above. The event is advertised to take place on Saturday, November 30, 2013. (See Fig. 2, below.)



**Fig. 2**

31. Plaintiffs are informed and believe, and based on such information and belief allege, that as a result of the wrongful conduct of defendants and each of them, unscrupulous promoters and venue operators are taking advantage of defendants' usurpation of plaintiffs' "Los Caminantes" mark to mislead consumers into believing that plaintiffs' musical group is the one scheduled to perform. Defendants' intent to mislead the public is apparent, in addition, from the use of the stylized "Los Caminantes" name in the advertisement for their services as well as by the fact that DOE1/Vicente Martinez depicted in the photograph of defendants' group styles his hair in long, flowing locks similar to the hair style of plaintiff Agustin Ramirez.

# FIRST CLAIM FOR RELIEF
# (FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

32. Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

33. This claim for relief arises under 15 U.S.C. § 1125(a)(1)(A) and is alleged against all defendants.

34. Plaintiff Agustin Ramirez is in the creator and owner of the "Los Caminantes" mark with respect to goods, namely phonorecords, and services in the nature of live performances of a musical group, and has used the "Caminantes" name in connection with the services of his musical group continuously since at least as early as 1982.

35. Plaintiffs Agustin Ramirez, Anthony Ramirez and Agustin Ramirez, Jr. are the current owners of the "Los Caminantes" mark as well as the good will of the business of the "Los Caminantes," and are also owners of the registration of the "Los Caminantes" service mark with the United States Patent and Trademark Office, Reg. No. 4,410,019.

36. None of the defendants named in this action have any claim of ownership or colorable right to utilize the name "Los Caminantes."

37. The mark "Los Caminantes" is an arbitrary mark and is therefore inherently distinctive and entitled to maximum trademark protection. *See Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Management, Inc.,* 618 F.3d 1025, 1033 (9th Cir. 2010).

38. Plaintiffs' "Los Caminantes" mark is a strong mark in that it has earned widespread recognition and success in the relevant marketplace, i.e. the Latin music market of the United States, for over thirty (30) years.

39. The mark adopted by defendants, i.e. "Los Caminantes," is identical to plaintiffs' mark. Indeed, defendants have adopted plaintiffs' mark as their own in

order to capitalize on the association with, and confusion with, plaintiffs' musical group.

40. The channels of trade in which the Plaintiffs' musical group "Los Caminantes" markets its goods and services, i.e. the Latin music market of the United States, is identical to the channel of trade in which defendants' now attempt to launch their competing musical group using the same "Los Caminantes" name that plaintiffs have used in connection with their musical group for over three decades.

41. There is a strong probability of likelihood of confusion arising from defendants' use of plaintiffs' "Los Caminantes" mark in connection with defendants' products and services. Not only are defendants using plaintiffs' mark to advertise defendants' services, they are also using a look-alike of plaintiff Agustin Ramirez to further the deception in print advertising for performances of defendants' group. In radio advertising for a performance by "Los Caminantes," there is no way to distinguish defendants' musical group from that of plaintiffs, given that the two names are identical.

42. The actions of defendants, as alleged herein, have caused and stand to cause substantial damage to plaintiff's reputation and mark.

43. The actions of defendants and each of them as herein alleged were and are intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.

44. Defendants' acts of unfair competition are willful and deliberate and performed with an intent to reap the benefit of plaintiffs' name, goodwill and reputation.

45. By reason of defendants' acts of false designation, description and representation, as alleged above, plaintiffs have suffered, and will continue to suffer, substantial damage to their business reputation and goodwill, as well as loss of profits in an amount not yet ascertained.

46. Defendants' actions of false designation, description and representation, as alleged above, have caused plaintiffs irreparable injury, and defendants threaten to continue to commit such acts, and unless restrained and enjoined, will continue to do so, all to plaintiffs' irreparable injury. Plaintiffs' remedy at law is not adequate to compensate it for injuries inflicted and threatened by defendants.

## SECOND CLAIM FOR RELIEF
## (STATE TRADEMARK INFRINGEMENT)

47. Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

48. Defendants' acts complained of herein constitute trademark infringement under the common law of California.

49. Defendants' conduct as alleged above has damaged and will continue to damage plaintiffs' goodwill and reputation and has resulted in a loss of revenue to plaintiffs in an amount to be determined.

50. Defendants' acts complained of herein constitute malice, oppression and/or fraud, thus entitling plaintiffs to recover punitive damages.

## THIRD CLAIM FOR RELIEF
## (UNFAIR COMPETITION—CAL. BUS. & PROF. CODE § 17200 *ET SEQ.*)

51. Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

52. The acts and conduct of defendants as alleged above in this Complaint constitute unlawful, unfair, and/or fraudulent business acts or practices as defined by California Bus. & Prof. Code § 17200 *et seq.*

53. Defendants' violation of federal law [15 U.S.C. § 1114 *et seq.* and 15 U.S.C. § 1125] and state common law, as alleged above in this Complaint, constitute an unlawful business practice.

54. Defendants' acts of unfair competition have proximately caused and will continue to cause plaintiffs to suffer injury in fact and loss of money and/or property in an amount to be proven at trial. Defendants' acts of unfair competition also have caused and are causing irreparable and incalculable injury to plaintiffs and to plaintiffs' LOS CAMINANTES mark and trade name and to the business and goodwill represented thereby, and unless enjoined, will cause further irreparable and incalculable injury, whereby plaintiffs have no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## (FALSE ADVERTISING – CAL. BUS. & PROF. CODE § 17500 *ET SEQ.*)

55. Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

56. Plaintiff s alleged based upon information and belief that in engaging the acts described above defendants have acted and continue to act, directly or indirectly, with the intent to sell, offer and/or induce the public to purchase and/or use and/or disseminate and/or cause to be disseminated before the public, by way of signs, newspaper, other publications or other advertising media, statements concerning defendants' goods and services which are untrue and/or misleading, and which defendants know are untrue and/or misleading.

57. By the aforesaid acts, defendants have engaged in and are engaging in false advertising in violation of California Business & Professions Code § 17500 *et seq.*, resulting in injury in fact and loss of money and/or property by plaintiffs in an amount to be proven at trial.

58. If defendants are permitted to proceed with the acts as aforesaid, plaintiffs will continue to be irreparably injured by reason of defendants' false advertising.

59. If defendants are permitted to proceed to practice the aforesaid acts of false designation of origin and false description on the public, plaintiffs will

COMPLAINT

sustain serious and irreparable injury. Defendants have proceeded and are proceeding with the aforesaid acts deliberately and willfully. Unless preliminarily and permanently enjoined by this Court, plaintiffs are informed and believe and therefore allege that there is a substantial possibility and threat of ongoing false advertisement by defendants for which plaintiffs are without an adequate remedy at law.

60. In addition, defendants' acts, if allowed to proceed and continue, will cause sales of plaintiffs' goods and services to be lost or substantially diminished in value, and may require plaintiffs to prepare and publish corrective advertising to ameliorate confusion caused by defendants' actions, all to plaintiffs' damage in an as yet unascertained amount. Plaintiffs are informed and believe, and therefore allege, that defendants' acts may also result in substantial profits to defendants, to which defendants are not entitled.

## **FIFTH CLAIM FOR RELIEF**
## **(INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE)**

61. Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

62. This claim for relief arises under the common law of the State of California and is alleged against all defendants.

63. Defendants and each of them, through their actions, have interfered with the prospective business advantage of plaintiffs by interfering with the right of plaintiffs to exploit and benefit commercially from plaintiffs' LOS CAMINANTES mark and the goodwill of the business of plaintiffs' musical group.

64. Plaintiffs have been damaged by the tortious interference by defendants and each of them with plaintiff's economic relations in an amount to be determined.

65. The aforementioned acts of defendants were and are willful, oppressive and malicious. Plaintiffs therefore should be awarded punitive damages in an amount to be alleged by amendment to this complaint.

## SIXTH CLAIM FOR RELIEF
## (ACCOUNTING)

66. Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

67. This claim for relief arises under the common law of the State of California and is alleged against all defendants.

68. Defendants are in possession of information relating to monies paid to defendants from their misleading and deceptive practices described herein, which represents a misappropriation of monies from plaintiffs. The books, accounts, records, ledgers, etc. which will provide this information are in the possession of defendants and each of them. The amount of damages, profits and interest owing to plaintiffs from defendants cannot be ascertained without an accounting by defendants and each of them.

69. Defendants and each of them have also benefited economically from the usurpation of plaintiffs' trade name and mark without accounting to plaintiffs for the income and profits realized by defendants and each of them as a result of such activities.

70. Plaintiffs hereby demand, and are entitled to, an accounting of all monies received by defendants and each of them from their use of plaintiffs' mark and trade name.

## SEVENTH CLAIM FOR RELIEF
## (TEMPORARY, PRELIMINARY AND
## PERMANENT INJUNCTIVE RELIEF)

71. Plaintiffs reallege and incorporate in this cause of action all previous paragraphs of this complaint.

72. The continuing wrongful acts of defendants herein have harmed and continue to harm the interest of plaintiffs in the use of the name and mark "Los Caminantes." If this court does not issue a temporary, preliminary and permanent injunction against defendants and each of them prohibiting the use of the name "Los Caminantes" and other confusingly similar terms, including without limitation "Caminantes" and "x Caminantes," in connection with the goods and services of defendants' musical group, plaintiffs will suffer irreparable harm for which there is no adequate remedy at law.

## **PRAYER**

WHEREFORE, plaintiffs pray for relief as follows:

1. For an order requiring defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of this action;

2. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants and each of them and their agents, servants, employees and co-venturers, and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from engaging in or performing any of the following acts:

(a) using the LOS CAMINANTES mark or trade name alone or in combination with any other words or symbols which so resemble plaintiffs' mark and name "Los Caminantes," including without limitation "Caminantes" and "x Caminantes," as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale, or sale of any product or service which is not plaintiffs' or not authorized by plaintiffs to be sold in connection with each of said marks and name;

(b) contacting promoters, advertisers or other businesses for the purpose of offering the services of defendants as "Los Caminantes" or any confusingly similar or colorable imitation of the "Los Caminantes" name, including without limitation "Caminantes" or "x Caminantes";

(c) using any trademark, trade name, logo, business name or other identifier or acting in any fashion which may be calculated to falsely represent that the goods and services provided, promoted or offered by defendants are sponsored by, authorized by, licensed by, or in any other way associated with plaintiffs;

(d) engaging in any other activity constituting an infringement of plaintiffs' mark or trade name or of plaintiffs' rights in, or right to use or to exploit said mark or trade name;

(e) doing or causing to be done any further acts in violation of California Business and Professions Code § 17500 *et seq.*; and

(f) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above;

3.  That the Court direct that defendants pay plaintiffs' general, special and actual and statutory damages as follows:

(a) Plaintiff's damages and defendants' profits pursuant to 15 U.S.C. § 1117(a) and California Business and Professions Code § 17200 *et seq.* and § 17500 *et seq.*;

(b) Such other damages as the Court shall deem to be just and equitable;

(c) Punitive damages, in an amount to be determined by the Court, for defendants' malicious, willful, intentional, deliberate and tortious conduct; and

(d) Interest, including prejudgment interest, on the foregoing sums;

4.  For an accounting of all monies received by defendants from their activities in connection with the use of the name "Los Caminantes" or any other term that includes the name "Caminantes";

5.  That the Court order defendants to pay to plaintiffs both the costs of this action and the reasonable attorneys' fees incurred by plaintiffs in prosecuting this action; and

/ / /

/ / /

/ / /

6. That the Court grant to Plaintiffs such other and additional relief as is just and proper.

Dated:  November 22, 2013

/stevenjeyre/
Steven J. Eyre
Attorney for plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial of this action by a jury.

Dated:  November 22, 2013

/stevenjeyre/
Steven J. Eyre
Attorney for plaintiffs